LAIDLAW-DUNN-GORDON CO. v. GEORGE J. MILLER.

1. DOCTRINE OF ASSUMED RISK NOT APPLICABLE WHERE MASTER IS BOUND BY STATUTE.
   The doctrine of assumed risk has no application where the alleged risk assumed is in violation of a master's statutory obligation to protect machinery and appliances.

2. EVIDENCE OF EXPERT AS TO EXPOSURE OF COGWHEELS NOT ADMISSIBLE.
   Whether cogwheels were exposed or not is an issue of fact which the jury can determine, and it is not error to refuse to admit the opinion of one claiming to be an expert.

ERROR to Hamilton common pleas court.

**Robertson & Buchwalter,** for plaintiff in error.

**Stricker & Johnson,** for defendant in error:

Where a duty is imposed by statute to enclose exposed cog-wheels, shafting and the like, failure to comply with such requirement is

negligence *per se.* *Ziehr* v. *Paper Co.* 28 O. C. C. 342 (7 N. S. 144);
*Bresewski* v. *Brush & Broom Co.* 28 O. C. C. 752 (8 N. S. 457), af-
firmed, *Royal Brush & Broom Co.* v. *Bresewske,* 76 Ohio St. 593.

The doctrine of assumed risks has no application where the alleged
risk assumed is the violation of a penal statute. *Narramore* v. *Railway,*
10 O. F. D. 7 [96 Fed. Rep. 298; 37 C. C. A. 499]; *Ziehr* v. *Paper Co.*
28 O. C. C. 342 (7 N. S. 144); *Bresewski* v. *Brush & Broom Co.* 28 O.
C. C. 752 (8 N. S. 457), affirmed, *Royal Brush & Broom Co.* v.
*Bresewske,* 76 Ohio St. 593; *Spring Val. Coal Co.* v. *Patting,* 210 Ill.
342 [71 N. E. Rep. 371]; *Island Coal Co.* v. *Swaggerty,* 159 Ind. 664
[62 N. E. Rep. 1103; 65 N. E. Rep. 1026]; *Green* v. *Car & Foundry
Co.* 163 Ind. 135 [71 N. E. Rep. 268]; *Murphy* v. *Veneer Works,* 142
Mich. 677 [106 N. W. Rep. 211]; *Durant* v. *Mining Co.* 97 Mo. 62 [10
S. W. Rep. 484]; *Kilpatrick* v. *Railway,* 74 Vt. 288 [52 Atl. Rep. 531;
93 Am. St. Rep. 887]; *Green* v. *Western American Co.* 30 Wash. 87
[70 Pac. Rep. 310]; *Hall* v. *Mill Co.* 39 Wash. 447 [81 Pac. Rep. 915];
*Hailey* v. *Railway,* 113 La. 533 [37 So. Rep. 131]; *Elmore* v. *Railway,*
132 N. C. 865 [44 S. E. Rep. 620]; *Missouri, K. & T. Ry.* v. *Goss,* 31
Tex. Civ. App. 300 [72 S. W. Rep. 94]; *Chicago-Coulterville Coal Co.*
v. *Fidelity & Casualty Co.* 130 Fed. Rep. 957; *Weblin* v. *Ballard,* 17
Q. B. Div. 122; *Thomas* v. *Quartermaine,* 18 Q. B. Div. 685.

A question to a witness which calls for his opinion on the precise
issue of fact, which the jury is sworn to determine from the witness,
is incompetent. *Fowler* v. *Delaplain,* 79 Ohio St. 279; *Republic Iron
& Steel Co.* v. *Yanuszka,* 166 Fed. Rep. 684.

The court did not err in refusing any of the special charges sub-
mitted by the defendant. *Ziehr* v. *Paper Co.* 28 O. C. C. 342 (7 N. S.
144); *Bresewski* v. *Brush & Broom Co.* 28 O. C. C. 752 (8 N. S. 457),
affirmed, *Royal Brush & Broom Co.* v. *Bresewske,* 76 Ohio St. 593;
*Narramore* v. *Railway,* 10 O. F. D. 7 [96 Fed. Rep. 298; 37 C. C. A.
499].

## SMITH, J.

The acts of negligence complained of in the amended petition are:

1. "That the defendant carelessly and negligently failed to en-
close said cogwheels in a casing, box, or in any other manner to prop-
erly guard or protect him against danger while engaged in the opera-
tion of said lathe."

2. "That the defendant further negligently and carelessly caused
and permitted oil and grease to accumulate upon the floor on which
the plaintiff was obliged to stand to operate said lathe, thereby causing

the floor to become slippery, unsafe and likely to cause the plaintiff to fall while operating said lathe.''

It will be seen from the above that this action is brought under act 94 O. L. 42 (Lan. Rev. Stat. 7344; B. 4364-89c), relating to protection against injury by machinery.

The jury in addition to its general verdict in favor of defendant in error, also in answer to an interrogatory propounded by plaintiff in error, found that the approximate cause of the injury was, ''in that the defendant knowingly allowed the cogwheels to be exposed in a manner that was dangerous to the man operating the machine.''

From the evidence in the record and the finding of the jury, we are satisfied that plaintiff in error was negligent in respect to a duty imposed upon it by this statute. This law has heretofore been before the courts and construed. *Ziehr* v. *Paper Co.* 28 O. C. C. 342 (7 N. S. 144); *Bresewski* v. *Brush & Broom Co.* 28 O. C. C. 752 (8 N. S. 457); *Republic Iron & Steel Co.* v. *Yanuszka*, 16 O. F. D. 000 [166 Fed. Rep. 684].

Under the statute and these decisions the doctrine of assumed risk has no application where the alleged risk assumed is in violation of a master's statutory obligation to protect machinery and appliances.

We do not think there was error in the trial court refusing to admit the testimony of the witness Muller as to his judgment as an expert as to whether gearing on the lathe in question was an exposed gearing or whether the cogwheels were exposed or not. This was the issue of fact which the jury were called upon to determine. They had viewed the premises and had the evidence, and the judgment or opinion of a witness in this regard could not have availed them anything.

''A question to a witness which calls for his opinion on the precise issue of fact which the jury is sworn to determine from the evidence, is incompetent.'' *Fowler* v. *Delaplain*, 79 Ohio St. 279 [87 N. E. Rep. 260; 21 L. R. A. (N. S.) 100].

We find no error in the court refusing the special charges asked by plaintiff in error. Some contain the question of assumption of risk on the part of the plaintiff by reason of the exposed cogwheels, while others relate to the oily condition of the floor.

In the view we take of the case, the assumption of risk on the part of the defendant in error not being in the case, and the jury having specifically found in answer to the interrogatory propounded that

the accident was due to the cogwheels being exposed, the second act of negligence complained of is also out of the case.

We do not think the verdict ($3,000) is excessive. The statute act 97 O. L. 547 (Lan. Rev. Stat. 7350; B. 4238o-1), provides, that for injury not resulting in death, plaintiff may recover a "sum of $3,000 as it (jury) may find proportioned to the pecuniary damages resulting from said injuries."

This, therefore, being strictly within the province of the jury to determine from all the evidence, such finding will not be disturbed. There being no errors in the record the judgment will be affirmed.

**Giffen** and **Swing, JJ.,** concur.